Filed 6/17/13  In re Daniel G. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re DANIEL G. et al., Persons Coming Under the Juvenile Court Law. | B242914 |
| | (Los Angeles County Super. Ct. No. CK91381) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| DEANA S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Zeke Zeidler, Judge.  Affirmed.

Marsha F. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Stephen D. Watson, Senior Associate County Counsel, for Plaintiff and Respondent.

_____

Deana S., the mother of 11-year-old Daniel G., nine-year-old Damian G. and four-year-old D.G., appeals from the juvenile court's jurisdiction findings and disposition order removing the children from her custody and placing them with their maternal aunt under the supervision of the Los Angeles County Department of Children and Family Services (Department). Deana contends the court's findings are not supported by substantial evidence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Dependency Petition*

On January 11, 2012 the Department filed a section 300 petition[1] on behalf of the children alleging Deana had committed a drive-by shooting three days earlier targeting the children's father, Daniel Sr., at his home while the children were present. At the detention hearing the court found the Department had established a prima facie case the children were persons described by section 300, subdivision (b), and ordered them released to Daniel Sr.

On February 14, 2012 the Department filed an amended petition alleging, in addition to having committed the drive-by shooting, Deana was a current abuser of alcohol and Daniel Sr. had a history of substance abuse and was a frequent user of methamphetamine and heroin; and Deana's alcohol abuse and Daniel Sr.'s drug abuse made each of them incapable of providing regular care, protection and support for the children and endangered the children's safety and well-being. (§ 300, subd. (b).) The court ordered Daniel Sr. to undergo weekly drug tests and permitted the children to remain in his custody pending a jurisdiction hearing on the amended petition scheduled for May 30, 2012. The court also ordered family maintenance services to be given to Daniel Sr.

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

2. *The Jurisdiction and Disposition Hearing*

At the jurisdiction hearing on May 30, 2012 the Department reported Daniel Sr. had tested positive for amphetamines and had been arrested on May 11, 2012 for possession of a controlled substance. The court ordered the children detained in foster care pending an assessment of the home of their maternal aunt for their placement and set the matter for a contested jurisdiction and disposition hearing for July 5, 2012.

At the July 5, 2012 hearing the Department reported Daniel Sr. had told social workers and police that Deana had committed the drive-by shooting targeting him at his home while his children were there on an overnight visit. When Deana arrived at the police station early the next morning, she had been under the influence of alcohol and told officers she had been at a party at Riverside all night and had nothing to do with the shooting. Although Deana assured the police she had left her car in Riverside, the car was found down the street from her home in Monterey Park. The car contained Deana's purse and identification and a nine-millimeter bullet magazine consistent with the shell casings found by police at Daniel Sr.'s house the night of the shooting. Deana was arrested for assault with a deadly weapon.

Daniel and Damien told social workers their mother frequently drank alcohol and they had seen her intoxicated on several occasions. Daniel Sr. also told social workers Deana had a drinking problem and he had often taken care of the children because she had been too drunk to do so.

Deana told social workers Daniel Sr. was a current abuser of methamphetamine and heroin. Deana separated from Daniel Sr. more than a year before the alleged shooting and thereafter he had repeatedly harassed her and threatened to "do something" to her. Deana denied any involvement in the shooting and emphasized the district attorney's office had decided not to file charges against her.

Daniel Sr. acknowledged at the hearing he had told the social worker Deana had committed a drive-by shooting and had an alcohol problem, but claimed neither of those things was true. Although there had, in fact, been a shooting at his house, Deana had not been involved. Deana drank alcohol, but never in excess or when the children were

3

present. He had accused Deana of the shooting and lied to the social workers about her alcohol consumption because he was upset at her for having moved on with her life. He decided to tell the truth now because he "was tired of hurting his kids."

Daniel and Damian testified they, too, had lied to social workers about their mother's alcohol use in accordance with their father's express instructions. Contrary to their earlier statements, they testified they had never seen their mother intoxicated.

Deana testified she had nothing to do with the drive-by shooting. She had been at her cousin's house in Riverside when it occurred. When alerted about the shooting, she immediately went to the police station. She drank on occasion but never in excess. Deana had no explanation for the ammunition in her car or the fact the car had been found near her home in Monterey Park rather than in Riverside.

The Department argued Daniel Sr. and the children had been truthful when initially interviewed by the social workers but had changed their stories so the children would not be removed from Deana's custody. The Department recommended the petition be sustained in its entirety and the children placed with their maternal aunt.

The children's counsel agreed with the Department's recommendation. Deana and Daniel Sr., on the other hand, urged the court to dismiss the petition for lack of evidence.

3. *The Jurisdiction Findings and Disposition Order*

The juvenile court sustained the allegations in the amended petition, finding the children were persons described by section 300. The court declared them dependent children of the court, finding a substantial risk to their physical and emotional safety and well being existed if they were returned to their parents' custody. The court ordered the children placed with their maternal aunt; family reunification services for both parents; monitored visitation for both parents; individual counseling for both parents as well as conjoint counseling with their children; weekly random drug and alcohol tests for both parents; and domestic violence counseling.

**DISCUSSION**

1. *Standard of Review*

We review the juvenile court's jurisdiction findings and disposition order for substantial evidence. (*In re David M.* (2005) 134 Cal.App.4th 822, 828; *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.) We examine the whole record in the light most favorable to the findings and conclusions of the juvenile court and defer to that court on all issues of credibility. (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1393; *In re Tania S.* (1992) 5 Cal.App.4th 728, 733-734.) We determine only whether there is any substantial evidence, contradicted or uncontradicted, that supports the court's order, resolving all conflicts in support of the determination and indulging all legitimate inferences to uphold the court's order. (*In re Katrina C.* (1988) 201 Cal.App.3d 540, 547; *In re John V.* (1992) 5 Cal.App.4th 1201, 1212; *In re Eric B.* (1987) 189 Cal.App.3d 996, 1004-1005.) "However, substantial evidence is not synonymous with any evidence. [Citations.] A decision supported by a mere scintilla of evidence need not be affirmed on appeal. [Citation.] Furthermore, '[w]hile substantial evidence may consist of inferences, such inferences must be "a product of logic and reason" and "must rest on the evidence" [citation]; *inferences that are the result of mere speculation or conjecture cannot support a finding* [citations].' [Citation.] 'The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record.'" (*Savannah M.*, at pp. 1393-1394; accord, *In re Albert T.* (2006) 144 Cal.App.4th 207, 216-217.)

2. *Substantial Evidence Supports the Court's Jurisdiction Findings*

Deana contends there is insufficient evidence the children were at risk of harm from her actions, emphasizing that the district attorney did not believe she was culpable in the drive-by shooting and thus did not file criminal charges against her related to that crime. At the threshold, the sustained allegations involving Daniel Sr., which are not challenged on appeal, provide a sufficient and independent basis for dependency jurisdiction without regard to any findings relating to Deana. (See *In re Alysha S.* (1996) 51 Cal.App.4th 393, 397 ["[A] jurisdictional finding good against one parent is good against both. More accurately, the minor is a dependent if the actions of either parent

5

bring her within one of the statutory definitions of a dependent. [Citations.] This accords with the purpose of a dependency proceedings, which is to protect the child, rather than prosecute the parent."]; *In re Alexis H.* (2005) 132 Cal.App.4th 11, 16 [same]; see also *In re Dirk S.* (1993) 14 Cal.App.4th 1037, 1045 [single basis of jurisdiction sufficient to uphold dependency court's order].)

Deana's argument also fails on its merits. Daniel Sr. identified Deana as the person who committed the drive-by shooting. Police found ammunition in her vehicle matching that found at the scene of the shooting; and Deana had no explanation for her possession of the ammunition or for other inconsistencies in her account of the events the night of the shooting, including why she had told officers she had left her car in Riverside when it was found, with the gun magazine inside it, near her home in Monterey Park. Although the district attorney did not file criminal charges against her, the juvenile court explained it was not persuaded by that administrative decision, noting the prosecutor has a higher burden of proof in any potential criminal action than the preponderance-of-the-evidence standard governing a jurisdiction hearing in dependency court.[2] The court found by a preponderance of the evidence Deana had participated in the shooting while her children were present in their father's home, placing them at substantial risk of harm. Substantial evidence supports that finding.

The court also found Deana had abused alcohol while her children were in her care, basing its findings largely on reports by Daniel Sr. and the children to social workers. The court's finding was, therefore, amply supported by the record. Although Daniel Sr. and the children offered different testimony at the hearing, the court credited their initial accounts and found they had changed their story at the hearing to protect Deana and prevent the children's removal from her custody. The court's reasonable credibility determination is not subject to challenge on appeal. (See *In re Savannah M.*,

---

2    The court stated, "If the police had enough to show, or the [District Attorney] had enough to show by reasonable doubt, then they would be prosecuting. But, see, right now I am in a preponderance of the evidence standard."

6

*supra,* 131 Cal.App.4th at p. 1393 [under substantial evidence review, appellate court defers to trial court on issues of credibility].)

   3. *The Disposition Order Is Supported by Substantial Evidence*

   Deana challenges the court's order removing the children from her custody, asserting there is no evidence that removal was necessary to protect them from harm. We need not belabor this contention. The court found Deana had participated in a drive-by shooting of a home when her children were present. It also credited reports that she was frequently intoxicated while the children were in her care. The court's conclusion that return of the children to her custody under those circumstances would have endangered them was amply supported by the record in this case.[3]

## DISPOSITION

   The July 5, 2012 jurisdiction findings and disposition order are affirmed.


                                                    PERLUSS, P. J.


   We concur:



   WOODS, J.                          ZELON, J.

_____

[3]   At the six-month review hearing (§ 366.21, subd. (e)) on January 3, 2013, while this appeal was pending, the juvenile court permitted Deana to have unmonitored visitation with her children and also granted the Department discretion to liberalize those visits. At the 12-month review hearing (§ 366.26, subd. (f)) on March 29, 2013, the court ordered the children placed with Deana under the Department's supervision. We take judicial notice of these orders (Evid. Code, §§ 459, 452, subd. (d)) and find Deana's appeal, to the extent it challenges the court's initial order of monitored visitation, is now moot. However, her appeal challenging the court's disposition order removing the children from her custody is not moot, as that order affects the statutory deadline for reunification services and could adversely affect her in subsequent proceedings. (See §§ 361.5, subd. (a) [the deadline for family reunification is 18 months from child's removal]; 366.21, subd. (e) ["court shall direct that reunification services previously ordered shall continue to be offered to the parent or legal guardian pursuant to the time periods set forth in subdivision (a) of Section 361.5"]; see also *In re Dylan T.* (1998) 65 Cal.App.4th 765, 769 [an issue is not moot if the purported error could affect the outcome of subsequent proceedings].)